## IN THE DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KENNETH ARCHIE,** | |
| Petitioner, | **CASE NO.** |
| vs. | **8:16-cv-00336 Archie** |
| **UNITED STATES, CHARLES DREW HEALTH CENTER, DR. TAKASHI KAWAMITSU, MONIQUE TOLSTON, AND JOHN DOE, AND JOHN DOE CORPORATION** | **COMPLAINT** |
| Defendant. | |

COMES NOW, the Plaintiff, KENNETH ARCHIE, brings this Complaint against the Defendants, states the following:

### PARTIES

1.      The Plaintiff is a resident of Douglas County in the State of Nebraska.

2.      Defendant, United States of America (hereinafter "United States") is a federal republic represented by the Attorney General of the United States, and, upon information and belief, at times relevant and material hereto, employed certain defendants herein, which will be described in greater detail below.

3.      The Defendant, Charles Drew Health Center, is a Nebraska non-profit corporation, and at all times relevant here was engaged in whole or in part, in the business of owning and operating a medical clinic in Omaha, Douglas County, Nebraska, and provides healthcare goods and services to members of the general public.

4.      Defendant Charles Drew at all times relevant and material hereto was operating under the authority of the Federally Supported Health Centers Assistance Act, 42, U.S.C. § 233.

5.      The Defendant, Dr. Takashi Kawamitsu, was a physician licensed to practice medicine in the State of Nebraska.

1

6.      The Defendant, Dr. Monique Tolston was also a physician licensed to practice medicine in the State of Nebraska.

7.      Upon information and belief, Defendants Drs. Kawamitsu and Tolston were employees of the Charles Drew Health Center and were engaged in the course and scope of their employment.

8.      At all times relevant and material hereto, Defendants Kawamitsu and Tolston acted individually, and/or as an agent, servant, and/or employee of Defendant Charles Drew, and, upon information and belief, within the scope of their employment as an employee of the United States.

9.      At all times relevant and material hereto, Defendants Kawamitsu and Tolston professed and held themselves out to the public and to the Plaintiff as being skilled, careful and diligent in the practice of their profession as physicians. Specifically, Defendants held themselves out as those who practiced specially in the area of general practice and/or family medicine.

10.     By reason of the relationship between Defendant Charles Drew and Defendants Kawamitsu and Tolston, Defendant Charles Drew is liable for the negligent acts, omissions and/or false and/or fraudulent representations of Defendants Kawamitsu and Tolston.

## JURISDICTION

11.     Plaintiff hereby incorporates by reference each and every one of the foregoing paragraphs as if it were fully set forth herein.

12.     Upon information and belief, Defendant Charles Drew at all times relevant and material hereto was operating under the authority of the Federally Supported Health Centers Assistance Act, 42, U.S.C. § 233.

13.     The Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680 contains a limited waiver of sovereign immunity.

14.     Title 28 U.S.C. § 1346(b)(l) provides, in part, that federal courts have exclusive jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

15.     In addition, the FTCA's grant of subject matter jurisdiction is limited by certain exceptions described in 28 U.S.C. § 2680.

16.     This Court has federal question jurisdiction, due to Petitioners' allegations of violations of constitutional rights, as set forth in the United States Constitution. A federal question appears on the face of the Petition. There is an actual controversy.

## VENUE

17.     Plaintiff hereby incorporates by reference each and every one of the foregoing paragraphs as if it were fully set forth herein.

18.     Venue is proper as all the claims arose in and the Defendant is located in the State of Nebraska and within the District of Nebraska.

## COUNT I
## MEDICAL MALPRACTICE - FAILURE TO USE DUE CARE OR SKILL IN TREATING AND DIAGNOSING ILLNESS

19.     Plaintiff hereby incorporates by reference each and every one of the foregoing paragraphs as if it were fully set forth herein.

20.     Plaintiff was a patient of Defendant Charles Drew from 2005 to 2015.

3

21.     Between January 2012 and October 2013, Plaintiff visited Defendant Charles Drew for routine urine and blood work.

22.     During that time, on multiple occasions Plaintiff's urine dip and blood work demonstrated protein variations and elevated microalbumin/creatinine ratios.

23.     During these visits Defendant Charles Drew, and Defendants Kawamitsu and Tolston informed the Plaintiff that his health was getting better and his diabetes was under control.

24.     Also during time period, Defendants Kawamitsu and Tolston reduced Plaintiff's diabetes prescription.

25.     At no time in 2013 did Defendant Charles Drew ever inform Plaintiff of elevated creatinine levels or recommend or provide any treatment plan or medication to resolve this issue.

26.     Despite Plaintiff's symptoms indicating renal insufficiency and/or failure, agents and/or employees of Defendant Charles Drew, including Kawamitsu and Tolsto, failed to refer Plaintiff to a kidney specialist and/or nephrologist, and also failed to refer Plaintiff for diagnostic tests which would have revealed renal insufficiency, although ordinary skill and care would have revealed Plaintiff's renal failure and/or insufficiency, and had ordinary care been exercised, Plaintiff would have been timely diagnosed and treated.

27.     In February 2014, the University of Nebraska Medical Center informed Plaintiff of his elevated creatinine level and kidney disease.

28.     Plaintiff was immediately referred to a specialist.

29.     Since February 2014, Plaintiff's kidneys have failed, and he required a kidney transplant.

30.     Plaintiff employed the Defendants, for compensation, as his physicians, and relied upon them to treat and cure him of diabetes and hypertension, and for that purpose said Defendants, as physicians, undertook to attend and treat Plaintiff.

31.     The Defendants carelessly, negligently, improperly, and unlawfully failed to timely and appropriately diagnose Plaintiff's renal insufficiency and failed to adequately respond to Plaintiff's medical needs including hypertension and diabetes treatment.

32.     The Defendants carelessly, negligently, improperly, and unlawfully failed to timely and appropriately diagnose Plaintiff's renal insufficiency by way of failing to adequately and properly review Plaintiff's medical chart.

33.     The Defendants carelessly, negligently, improperly, and unlawfully failed to timely and appropriately diagnose Plaintiff's hypertension and diabetes management/treatment plan.

34.     The Defendants carelessly, negligently, improperly, and unlawfully failed to timely and appropriately secure radiologic and/or laboratory testing which would have revealed that Plaintiff was in renal failure and/or a state of renal insufficiency.

35.     On numerous occasions between 2011 and 2013, the Defendants falsely and fraudulently represented to Plaintiff that he was great health and his diabetes was getting better, and that his renal insufficiency and/or failure was caused by diabetes, hypertension, and/or urinary retention alone, and Plaintiff relied on these false and fraudulent representation to his detriment.

36.     The Defendants were negligent in endeavoring to cure or properly treat Plaintiff's illness, while failing to exercise the degree of care and skill, or to possess the degree of

5

knowledge ordinarily exercised or possessed by other physicians in the County of Douglas and State of Nebraska, or like localities. Specifically, the Defendants negligently:

a. failed to timely and properly diagnose and treat Plaintiff's renal failure and/or insufficiency;

b. failed to timely and properly treat Plaintiff's hypertension and diabetes;

c. failed to timely and properly diagnose and treat Plaintiff's hypertension, renal failure and/or insufficiency by referring him to an appropriate specialist and/or for appropriate diagnostic testing, which would have revealed said condition.

37. Due to the negligence and false and fraudulent representations and omissions of the Defendants as aforesaid, and as a proximate result thereof, Plaintiff was unable to obtain prompt and proper medical care and treatment of his renal impairment in its early stages, and his condition irreversibly worsened.

38. Defendants, in their treatment of Plaintiff did personally and by and through their agents, servants, and employees, negligently fail to exercise ordinary care, and otherwise failed to exercise the degree of care commonly exercised by physicians in like cases having regard to the existing state of knowledge in medicine and surgery in that they failed to timely and properly diagnose Plaintiff's renal failure and insufficiency and its cause, despite overwhelming medical evidence of renal failure, including but not limited to, Plaintiff's urine dips.

39. As a direct and proximate result of the carelessness, negligence, and false and fraudulent representations and omissions of the Defendants, Plaintiff received a kidney transplant.

40. Due to their aforesaid act and/or omissions, the Defendants are liable for the monetary contributions which Plaintiff might reasonably have:

   a.  loss of household services;

   b.  Mental anguish;

   c.  disability and impairment;

   d.  loss of earning capacity;

   e.  loss of enjoyment of life;

   f.  pain and suffering;

   g.  loss of financial support;

   h.  loss of companionship;

   i.  loss of guidance;

   j.  loss of inheritance;

   k.  loss of income, earning capacity, business and/or employment opportunities, which Plaintiff is reasonably certain to lose in the future; and

   l.  out-of-pocket and hospital and medical expenses; and

41.    The aforesaid negligent acts and/or omissions of the Defendants were reckless, wanton, and egregious, and in total disregard of Plaintiff's health and welfare.

42.    Due to their aforesaid acts and/or omissions, the Defendants are liable to the Plaintiff for punitive damages.

**COUNT II**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

43.    Plaintiff hereby incorporates by reference each and every one of the foregoing paragraphs as if it were fully set forth herein.

44.    Due to the negligence and false and fraudulent representations and omissions of the Defendants as aforesaid, and as a proximate result thereof, Plaintiff was unable to obtain

prompt and proper medical care and treatment of his renal impairment in its early stages, and his condition irreversibly worsened.

45.     Defendants, in their treatment of Plaintiff did personally and by and through their agents, servants and employees, negligently fail to exercise ordinary care, and otherwise failed to exercise the degree of care commonly exercised by physicians in like cases having regard to the existing state of knowledge in medicine and surgery in that they failed to timely and properly diagnose Plaintiff's renal failure and insufficiency and its cause, despite overwhelming medical evidence of renal failure, including but not limited to, Plaintiff's urine dips.

46.     As a direct and proximate result of the carelessness, negligence, and false and fraudulent representations and omissions of the Defendants, Plaintiff received a kidney transplant.

47.     As a direct and proximate result of the negligent medical treatment by the Defendants, Plaintiff lost all functioning of his kidneys and was injured in his health and activity, suffered great mental anguish and physical pain, was weakened in body, and was obliged to, and did spend substantial sums of money in endeavoring to be cured of his disease, which was prolonged and increased by Defendant's unskillful and improper conduct, all to Plaintiff's great monetary and emotional damage.

48.     Plaintiff's kidney transplant was proximately caused by the aforesaid wrongful acts and/or omissions of the Defendants and said acts and/or omissions would have entitled Plaintiff to maintain an action for damages resulting from the injury.

49.     Due to their aforesaid act and/or omissions, the Defendants are liable for the following:

    a.  pain and suffering between the time of his injury and the time of his transplant;

    b.  Mental anguish;

    c.  disability and impairment;

    d.  loss of earning capacity;

    e.  out-of-pocket and hospital and medical expenses; and

    f.  loss of the enjoyment of life.

50.    The aforesaid negligent acts and/or omissions of the Defendants were reckless, wanton, and egregious, and in total disregard of Plaintiff's health and welfare.

51.    Due to their aforesaid acts and/or omissions, the Defendants are liable to Plaintiff for punitive damages.

**JURY DEMAND**

52.    Plaintiff demands trial by jury on all claims and issues so triable.

**WHEREFORE**, Plaintiff, requests judgment against the Defendants for damages, together with attorney's fees, costs of suit, special damages, punitive damages, and such other and further relief as the court may deem proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendants be cited to appear and answer the claims made the basis of this lawsuit. Plaintiff also prays that, upon the jury trial of this case, he be awarded a judgment against Defendants and their sureties, jointly and severally, that includes all damages claimed by Plaintiff, including all taxable costs of court, pre-judgment interest and post-judgment interest. Plaintiff also requests all other relief: general and special at law and in equity, as Plaintiff has shown himself to be justly entitled.

DATED this June 13, 2016

**KENNETH ARCHIE, Plaintiff**

By:

Justin T. Wayne - #23310
Attorney for Plaintiff
Law Office of Justin T. Wayne, LLC
P.O. Box 265
Omaha, NE 68101
(402) 215-4024


VERIFICATION

STATE OF NEBRASKA      )
                                           )ss.
COUNTY OF DOUGLAS   )

    Kenneth Archie, being first duly sworn, depose and states that I am the Plaintiff named hereinabove, that I have read the foregoing Complaint and that the facts and matters contained therein are true and correct to the best of my knowledge and belief.


SUBSCRIBED AND SWORN to before me this 23 day of _____, 2016.


Notary Public

DANIEL H FITZPATRICK
STATE OF NEBRASKA
GENERAL NOTARY
MY COMMISSION EXPIRES
FEBRUARY 13, 2020